FILED

2021 OCT -7 AM 11: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY_____ KmH

RELATED DDJ

1  Kenneth Gray
   PO Box 1868
2  Claremont, CA 917110-8868
   t. 805.423.0318
3  e. kgray@kagconsulting.org

4           **UNITED STATES DISTRICT COURT**
5     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

6  KENNETH GRAY,                          Case No.: 2:21-CV-8011-DMG-JPR

7          Plaintiff,

8          vs.                            COMPLAINT: 42 U.S. CODE § 1983: FIRST,
                                          FOURTH, FIFTH, EIGHTH, FOURTEENTH
9  CITY OF CLAREMONT, A MUNICIPAL ENTITY, AMENDMENTS TO THE CONSTITUION,
   CLAREMONT POLICE DEPARTMENT, BRAD      DEFAMATION, SLANDER, ANIMAL CRUELITY
10 JOHNSON, ADAM PIRRIE, CHRISTOPHER
   MORGAN, LORI ADAME, YVETTE WALKER,     DEMAND FOR JURY TRIAL
11 CLAREMONT POLICE OFFICER MENA (4104),
   CLAREMONT POLICE OFFICER EWING (3642),
12 CLAREMONT POLICE OFFICER REYES (3832),
   CLAREMONT POLICE OFFICER PRECIADO (4006),
13 CLAREMONT POLICE OFFICER DEMETZ (3597),
   CLAREMONT POLICE OFFICER LOMELI (3906),
14 CLAREMONT POLICE OFFICER HAYNES (3740),
   CLAREMONT POICE OFFICER HODGE (4085),
15 CLAREMONT POLICE OFFICER ETUE (4252),
   CLAREMONT POLICE OFFICER MORALIES (3983),
16 AND DOES 1-10 INCLUSIVE,

17         Defendant

18 The above-named Plaintiff, individually allege the following upon information and belief:

19

20 **i.    INTRODUCTION**
21      1. This action is a result of intentional continual harassment and violation of
           constitutional rights by Defendants
22      2. In a letter to The President dated November 15, 2018, the United States
           Commission on Civil Rights informed The President that "police officers
23         must operate with the highest standards of professionalism and
           accountability.  Every community resident should be able to live, work,
24         and travel confident in an expectation that interactions with police officers
           will be fair, consistent with constitutional norms, and guided by public
25         safety free from bias or discrimination."
26      3. Repeated and highly publicized incidents of police use of force against
           persons of color and people with disabilities, combined with a lack of
27         accurate data, lack of transparency about policies and practices in place
           governing use of force, and lack of accountability for noncompliance
28 COMPLAINT: 42 U.S. CODE § 1983: FIRST, FOURTH, FIFTH, EIGHTH, FOURTEENTH AMENDMENTS TO
   THE CONSTITUION, DEFAMATION, SLANDER, ANIMAL CRUELITYDEMAND FOR JURY TRIAL - 1

foster a perception that police use of force in communities of color and the disability community is unchecked, unlawful, and unsafe.

4. During the wake of the murders of Breonna Taylor and George Floyd, thousands of Americans decided to express their constitutional rights and expressed multiple forms of constitutionally protected forms of freedom of speech with the hope that the American Government would begin enforcing constitutional protections to every Americans of color . With the bare minimum as a hope of civil justice reform through, then, current legislation. A number of recent developments suggest a renewed commitment to resolving this issue. For the first time in decades, the country has witnessed ubiquitous and sustained protests by young people, communities of color, and other impacted populations in cities all across the country.[1]

5. For the first time since The Civil Rights Movements, the horrific scenes of police brutality against people of color have become daily news. Communities in support for police reform are crying out for radical, sometimes financial, complete police reform.

6. 42 U.S.C. § 14141 (re-codified at 34 U.S.C. 12601) (a) Unlawful conduct It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. (b) Civil action by Attorney General Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

7. Data on lower level uses of force, which happen more frequently than officer- involved shootings, are virtually non-existent. This is due, in part, to the fact that most police precincts don't explicitly collect data on use of force, and in part, to the fact that even when the data is hidden in plain view within police narrative accounts of interactions with civilians, it is exceedingly difficult to extract.[2]

---

1. *See, e.g.,* Sara Sidner and Mallory Simon, "The rise of Black Lives Matter: Trying to break the cycle of violence and silence," *CNN,* Dec. 28, 2015, http://www.cnn.com/2015/12/28/us/black-lives-matter-evolution/index.html; Cristina Flesher Fominaya, *Social Movements and Globalization: How Protests, Occupations and Uprisings are Changing the World* (New York: Palgrave MacMillan, 2014).

2. Roland G. Fryer, "An Empirical Analysis of Racial Differences in the Use of Force," National Bureau of Roland Fryer, "An empirical analysis of racial differences in the use of force," NBER Working Paper 22399, National Bureau of Economic Research, revised in 2018, http://www.nber.org/papers/w22399.

COMPLAINT: 42 U.S. CODE § 1983: FIRST, FOURTH, FIFTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION, DEFAMATION, SLANDER, ANIMAL CRUELITYDEMAND FOR JURY TRIAL - 2

8. Plaintiffs wish to have the Courts hold Defendants liable for the intentional constitutional violations of the People of Claremont and at the bare minimum, of The Plaintiff.

9. The relationship between law enforcement and many communities in the U.S. is fraught and challenging, particularly for those who experience violent crimes coupled with intensive police presence and surveillance.

## ii. JURISDICTION AND VENUE

10. The events within Plaintiff's allegations occurred within the Central District of California, therefore, pursuant to 28 U.S.C. § 1391 venue is appropriate.

11. 28 U.S.C. § 1331 & 1343 provides subject matter jurisdiction to the Courts to hear this claim.

12. 28 U.S.C. § 1367 provides supplemental jurisdiction under California law.

## iii. PARTIES

### a. PLAINTIFF

13. Kenneth Gray lives and resides within the City Limits of Claremont CA at 1091 Northwestern Dr. Claremont, CA 91711(hereinafter referred to as Subject Property).

14. Kenneth Gray has been harassed, bullied, intimated, threatened, and has been the victim of multiple forms of constitutional violations by Defendants.

### b. DEFENDANTS

15. Plaintiff is informed, believes, and thereupon allege that as a municipal corporation organized and existing under the constitution and laws of the State of California, the City of Claremont holds liability and responsibility for the Claremont Police Department, also referred to throughout the complaint as "CPD, Police Department, PD."

16. Plaintiff is informed, believes, and thereupon allege that as a municipal corporation organized and existing under the constitution and laws of the State of California, The City of Claremont holds liability and responsibility for the actions, or lack thereof, of The City Employees named as Defendants.

17. Plaintiff is informed, believes, and thereupon allege that The City of Claremont is a municipal corporation organized and existing under the constitution and laws of the State of California. Thus, holding liability for intentionally employing of the Police Department, and the named Officer Defendants, which violated the constitutional rights of the citizens of color of Claremont despite obtaining sufficient data to initiate contract review and cultural trainings.

18. Plaintiff is informed, believes, and thereupon allege that Brad Johnson is/was employed by The City of Claremont as the Community Development Director, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as City Employee 1).

19. Plaintiff is informed, believes, and thereupon allege that Adam Pirrie

COMPLAINT: 42 U.S. CODE § 1983: FIRST, FOURTH, FIFTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION, DEFAMATION, SLANDER, ANIMAL CRUELITYDEMAND FOR JURY TRIAL - 3

is/was employed by The City of Claremont as the City Manager, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as City Employee 2).

20. Plaintiff is informed, believes, and thereupon allege that Christopher Morgan is/was employed by The City of Claremont as a Building Official, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as City Employee 3).

21. Plaintiff is informed, believes, and thereupon allege that Lori Adame is/was employed by The City of Claremont as a Community Improvement Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as City Employee 4).

22. Plaintiff is informed, believes, and thereupon allege that Yvette Walker is/was employed by The City of Claremont as a Community Improvement Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as City Employee 5).

23. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer Mena (4104) is employed by The City of Claremont as a Police Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 1).

24. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer Ewing (3642) is employed by The City of Claremont as a Police Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 2).

25. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer Reyes (3832) is employed by The City of Claremont as a Police Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 3).

26. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer Preciado (4006) is employed by The City of Claremont as a Police Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 4).

27. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer DeMetz (3597) is employed by The City of Claremont as a Police Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 5).

28. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer Lomeli (3906) is employed by The City of Claremont as a Police Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 6).

29. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer Haynes (3740) is employed by The City of Claremont as a Police Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 7).

30. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer Hodge (4085) is employed by The City of Claremont as a Police

Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 8).

31. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer Etue (4252) is employed by The City of Claremont as a Police Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 9).

32. Plaintiff is informed, believes, and thereupon allege that Claremont Police Officer Morales (3983) is employed by The City of Claremont as a Police Officer, and they conspired with the other named Defendants against Plaintiff (hereafter referred to as Officer 10).

33. Plaintiffs are informed, believe, and thereupon allege that Does 1 through 10 were the agents, servants, and employees of The City of Claremont and The Claremont Police Department. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. The individual Doe Defendants are sued in both their individual and official capacities.

## iv.   STATEMENT OF FACTS

34. Approximately 2013 Kenneth Gray purchased Subject property and moved his partner into the City of Claremont.

35. For the following eight (8) years, Plaintiff has been subjected to racial retaliation, racial profiling, repeatedly pulled over for "fitting the description," arrest, harassment, defamation of character, slander, and violation of civil rights by some and/or all the Defendants.

36. Approximately 2014 Plaintiff got married and purchased and his partner additional property in Claremont

37. In December 2014 Plaintiff filed a claim to The City of Claremont for damage to Plaintiff's house, yard, and main sewer lateral line. The City of Claremont has an easement on Subject Property which is/was utilized for two Ash trees and one Tree that Plaintiff is unable to formally name/identify. The City of Claremont settled the claim with Plaintiff and Plumbing company that Plaintiff retained. The City of Claremont has retaliated against Plaintiff, defamed the character of Plaintiff, and slandered Plaintiff.

38. Approximately 2015 Plaintiff was informed about a pool leak that required immediate repair. Plaintiff retained the services of a contractor to obtain permits and complete the required repairs. Defendants began harassing Plaintiff throughout the construction process with excess fines/fees, delays in construction, and refusals to provide necessary completion signatures. Approximately 2015 Defendants refused to provide the final construction permit for the pool remodel of Subject Property.

39. In 2017 Plaintiff began the process to remodel the master bed of the Subject Property. Defendants retaliated against Plaintiff by creating

additional "requirements" and fees for Plaintiff. The "requirements" placed upon Plaintiff have not been placed upon non-persons of color within The City of Claremont. Defendants made slanderous comments to the architect retained by Plaintiff. Defendants intentionally delayed the completion of the construction, increased Plaintiff's cost, sent letters to the community regarding Plaintiff, and further violated Plaintiff's Eighth Amendment.

40. Approximately 2018 Defendants increased their harassing and racial intimidation of Plaintiff with threatening letters informing Plaintiff that the "trailer" parked in the driveway was an eyesore and against "city ordinances." Defendants informed Plaintiff that "trash and debris in the yard" were against "city ordinances." Plaintiff spoke with the owners of the property one (1) block south to inquire if they had received letters from The City of Claremont. The owner of the property was non-person of color, and their property is described in the picture below:



41.

42. August 2019, Defendants falsely arrested Plaintiff, held defendant in restraints and custody against Defendants will. Violated defendants fourth, fifth, and eight constitutional amendments. Defendants detained and

COMPLAINT: 42 U.S. CODE § 1983: FIRST, FOURTH, FIFTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION, DEFAMATION, SLANDER, ANIMAL CRUELITYDEMAND FOR JURY TRIAL - 6

questioned Plaintiff without informing Plaintiff that he was being detained or providing Plaintiff with a Miranda Warning. Defendants provided Plaintiff with inaccurate information of when he was required to appear for the trumped-up charges.

43. In December of 2019 Claremont Police Department appeared at the Subject Property and threatened Plaintiff's Partner with the potential harm of Plaintiff. Plaintiff was later detained, restrained, and held against his will with another violation of his Constitutional Rights.

44. October 2020 Defendants began harassing Plaintiff and violating his First Amendment right to Freedom of Speech. Plaintiff mailed a letter via certified mail to Defendants and requested for Defendants to cease their attempt to violate Plaintiffs constitutional rights through censorship.

45. On April 23, 2021, Claremont PD detained Plaintiff against his will, questioned plaintiff as a Suspect in a crime and failed to provide Plaintiff with a Miranda Warning.

46. August 14,2021 Defendants provide a false report and recommendation for criminal charges to the Los Angeles District Attorney attempting to charge plaintiff with assault with a deadly weapon and criminal terrorist threats: per Claremont Police Officer Thorntson (3678).

47. On August 28, 2021, Claremont PD entered the residence of Subject Property with guns drawn in an attempt further violate Plaintiff's constitutional right against illegal search and seizures as well as an attempt to intimidate and/or kill Plaintiff. Defendants abused Plaintiff's Yellow Labrador Retriever to the point where the dog defecated and urinated in 19 locations throughout the Subject Property.



48.

49. September 29, 2021, City Employee 3 arrived at Subject Property in a City of Claremont white Chevy Silverado and proceeded to threaten Plaintiff. Plaintiff recorded the interaction and began questioning if City Employee 3 was aware of Plaintiff's request to have all communication from the City of Claremont to occur in writing. City Employee 3 stated that he was

aware of the request. City Employee 3 was traveling with another City Employee whose name is inaudible on the recording. City Employee 3 informs Plaintiff that he "will not win against the city" and threatened Plaintiff with "since he's being incorporative, he can just deal with the city attorney and see how he likes that,"

50. September 30, 2021, City Employee 3 arrived at Subject Property in a City of Claremont white Chevy Silverado and threatened Plaintiff again. Plaintiff filmed this encounter as well. Plaintiff again ask City Employee 3 are you aware that I have requested in writing for all communication from the City of Claremont to be in writing? City Employee 3 acknowledges that he is aware of the request and states "I am on the sidewalk, this is city property." Plaintiff informed City Employee 3 that any further harassment, attempts at trespassing, or continued threats would result in a federal lawsuit being filed. City Employee 3 threatened Plaintiff with the statement "no it won't Kenneth. You're not going to beat the city Kenneth."

51. October 05, 2021, The City of Claremont sent an unnamed employee to post a incorrectly dated notice on the front door of The Subject Property despite having acknowledged through City Employee 3 confirming The City's receipt and knowledge of Plaintiff's request to have all communication via writing.



52.

53. October 05, 2021, Plaintiff contacted The Claremont Police Department to

file criminal trespassing charges against The City of Claremont. Officer 8 contacted Plaintiff by phone to intimidate and threaten Plaintiff info not filing a report. Plaintiff informed Officer 8 that Plaintiff was in possession of video evidence of Plaintiff informing The City of Claremont not to travel beyond the easement onto The Subject Property and to communicate with Plaintiff via mail solely. Plaintiff informed Officer 8 that Plaintiff was also in possession of video evidence of The City of Claremont traveling beyond the easement onto The Subject Property despite repeated notices not to trespass. When the tactics of Officer 8 failed to persuade Plaintiff, Officer 8 escalated his efforts to intimidate Plaintiff and informed Plaintiff that Plaintiff was "required" to "come to the station" to file the report. Plaintiff inquired if Departmental Policy required Plaintiff to file the report in person or was the request a "personal preference" of Officer 8. Officer 8 informed Plaintiff that it was a preference so Officer 8 could "easily be able to view the video." Plaintiff informed Officer 8 that Plaintiff feared for Plaintiff's emotional and physical wellbeing, safety, and most importantly Plaintiff's life in the presence of Claremont Police Department, therefore, Plaintiff would email the videos to Officer 8. Officer 8, at that point, refused to take the report and informed Plaintiff that Plaintiff was "required" to file the report in person and Plaintiff could bring counsel to "the station" to file report with Plaintiff and ended the call.

54. October 05, 2021, Plaintiff noticed a City of Claremont Truck parked down the street taking pictures of Plaintiff.



55.

56. The City of Claremont violated COVID-19 CDC recommendations of wearing protective face coverings despite Federal, State, County, and Local mask mandates. On each interaction with Plaintiff since March

COMPLAINT: 42 U.S. CODE § 1983: FIRST, FOURTH, FIFTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION, DEFAMATION, SLANDER, ANIMAL CRUELITYDEMAND FOR JURY TRIAL - 9

2020, The City of Claremont staff have intentionally neglected the regulations and have intentionally attempted to deprive Plaintiff of his life, liberty, and health by intentionally exposing Plaintiff to the COVID-19 Virus.

**v.   MONELL ALLEGATIONS**

57. The Civil Rights Act of 1871, compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom 42 U.S.C.S. § 1983 (§ 1983) applies. Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. They may be sued for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels.4

58. Defendant City of Claremont intentionally neglected their responsibility to hold The Claremont Police Department and its Officer's accountable to the numerous complaints filed.

59. Defendant City of Claremont intentionally neglected to implement contract oversight and continued review of The Claremont Police Department's compliance with Penal Code § 13519.4 which thus accepting complete liability for the multiple Civil Rights and other Constitutional violations of Plaintiff.

**vi.   REQUEST FOR RELIEF**

Plaintiff seeks relief as follows:

60. A definitive judgment in Plaintiff's favor outlining each Constitutional Amendment Violation caused by all Defendants.

61. A court order directing the United States Department of Justice, The County of Los Angles, The State of California, The Superior Court of California, The California Department of Justice, and any other Government, Civil, Private, or Public database to permanently remove any arrest, detention, or any reference to the multiple encounters, detentions, arrest, questioning, calls between The Claremont Police Department and Plaintiff.

62. A court order providing for a civil assessment, that is unable to be discharged within any Jurisdiction of the Federal Bankruptcy Court System and undisputable within any other State or Local Jurisdiction of one million USD ($1,000,000.00) payable to Plaintiff or Plaintiff's first living kin.

---

4. "Monell v. Dept. of Social Srvcs., - 436 U.S. 658, 98 S. Ct. 2018 (1978)." Community, 19 Oct. 1996, https://www.lexisnexis.com/community/casebrief/p/casebrief-monell-v-dept-of-social-srvcs

COMPLAINT: 42 U.S. CODE § 1983: FIRST, FOURTH, FIFTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION, DEFAMATION, SLANDER, ANIMAL CRUELITYDEMAND FOR JURY TRIAL - 10

63. A court order directing the prevention of any Public, Private, or Government entity from utilizing or referring to any video, social media post, text, recording, or photo depicting the violation of Plaintiff's Constitutional Rights without the written consent of Plaintiff and or Plaintiff's first living kin.

64. All filling fees, court cost, copying fees, service fees, consulting fees, Witness Cost, and any other cost incurred by Plaintiff to bring suit.

65. Award of Plaintiff's hourly time to bring suit in the amount of $1,750.00 per hour as outlined in 42 U.S.C. 1988 and California Code of Civil Procedure 1021.5 & 52(b) & 52.1(h)

66. A Per Defendant, in their official and personal capacity, award of general damages, compensatory damages, and pain and suffering to be no less than two hundred fifty million and no cents USD ($250,000,000.00) amount determined by the Court.

67. An order protecting the award from the ability to be discharged within any Jurisdiction of the Federal Bankruptcy Court System and undisputable within any other State or Local Jurisdiction

68. Pre and Post Judgement Interest in an amount to be determined by the court by no less 25% Interest.

69. An order requiring the Judgement to be paid from Dependents Budget and not passed on to the Citizens of Claremont.

70. An order requiring the immediate Federal investigation, arrest, and criminal charges of all Defendants.

71. An Emergency Temporary Restraining Order of no less than 300 yards from Plaintiff, The Subject Property, Plaintiff's Partner, Plaintiff's place of work, Plaintiff's Partners place of work, Plaintiff's Minor Children, and Plaintiff's Minor Children place of education.

72. Any and all additional relief as the Court may deem just and proper.

Dated this 06th day of October 2021.

Kenneth Gray,

Plaintiff Pro Se

 **CITY OF CLAREMONT**                     Community Development Department

| | |
|---|---|
| City Hall | Building • (909) 399-5471 |
| 207 Harvard Avenue | Planning • (909) 399-5470 |
| P.O. Box 880 | Engineering • (909) 399-5465 |
| Claremont, CA 91711-0880 | Community Improvement • (909) 399-5467 |
| FAX (909) 399-5327 | Administration • (909) 399-5321 |
| www.ci.claremont.ca.us | |

October 14, 2020

Kenneth Gray
1091 Northwestern Drive
Claremont, CA 91711

Dear Mr. Gray:

The citizens of Claremont take great pride in the appearance and livability of their neighborhoods. For this reason, the Community Improvement Program, which is a proactive property review program, was established several years ago as the result of citizen requests. Community Improvement staff makes regular inspections throughout the City and responds to complaints of conditions that might detract from the character of our neighborhoods.

It has come to my attention that discarded cut pieces of a tree are being stored in the front yard, in violation of City codes.

Community Improvement staff will be in your neighborhood on or about October 22, 2020 for a follow up visit. Please assist us by removing and properly disposing the discarded cut pieces of tree or by storing them in a side or rear yard out of public view. If you are unable to resolve the situation before then, please contact me at (909) 399-5467 Monday through Thursday, or by email at ywalker@ci.claremont.ca.us. I would be happy to meet with you on site or at City Hall by appointment.

I appreciate your prompt attention to this matter and thank you for your cooperation.

Sincerely,

Yvette Walker
Community Improvement Officer

Kenneth Gray
1091 Northwestern Dr.
Claremont, CA 91711

October 26, 2020

Yvette Walker

207 Harvard Avenue

Claremont, CA 91711

Dear Ms. Walker,

I am in receipt of your October 14, 2020 dated letter, copy included, referencing the pride taken by the
citizens of Claremont in the appearance of their neighborhoods.  Your letter states that the Community
Improvement Program was created as a result of citizen request.  The Freedom of Information Act
provides the authorization for the request of all comments, public documents, written communication,
and policies relating to the creation and continued operation of the Claremont Community
Improvement Program.  Please accept this letter as my formal request for the City of Claremont to
produce those items within 30 calendar days, of the date of this letter, to my address on record.

Furthermore, please take note that the Supreme court has ruled that privately owned art on private
property will have the freedom of speech protections classified under the First Amendment.  Therefore,
any further attempts to ask for the removal of the yard art that you've incorrectly classified as
"discarded cut pieces of a tree," will be considered as an intentional violation of my First Amendment
Freedom of Speech protections.  Any further attempts of intimidation by the City of Claremont, via
police or other city employees, will be met with swift and immediate litigation proceedings.

Please accept this as formal notice that any further attempts to infringe upon the constitutional rights of
my interracial family or myself, will be met with swift and immediate litigation proceedings.  Any further
attempts by the City of Claremont to continue to discriminate, intimidate, or extort money from
properties owned by myself, my wife, my children, or any subsidies' that fall underneath our per few, or
any individual connected with this address, will be met with swift and immediate litigation proceedings.

cc:
National Association of the Advancement of Colored People
American Civil Liberties Union
National Lawyers Guild
US DOJ Civil Rights Division
CA Governor Gavin Newsom
CA DOJ Civil Rights Enforcement Division
Claremont City Council

Kenneth Gray
1091 Northwestern Dr.
Claremont, CA 91711

In *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 621 (D. Colo. 2007)* the courts ruled
that the duty to preserve documents is triggered when litigation is reasonably anticipated.  Please
accept this as notice of reasonable anticipation for litigation, and preserve all documents, notate any
verbal conversations, and make all reasonable attempts to properly preserve any evidence relating to
properties owned by myself, my wife, my children, any subsidies' that fall underneath our per few, or
any individual connected with this address,  currently and in the future.

Respectfully,

Kenneth Gray

cc:
National Association of the Advancement of Colored People
American Civil Liberties Union
National Lawyers Guild
US DOJ Civil Rights Division
CA Governor Gavin Newsom
CA DOJ Civil Rights Enforcement Division
Claremont City Council

Kenneth Gray
1091 Northwestern Dr.
Claremont, CA 91711

October 26, 2020

Attorney General's Office
California Department of Justice
Attn: Public Inquiry Unit
P.O. Box 944255
Sacramento, CA 94244-2550

To Whom It May Concern:

Please find the enclosed letter to The City of Claremont located within the State of California, as well as a letter received by the city.  Please accept this as a formal request to file a grievance against The City of Claremont and request for immediate federal injunction.  The grievance is for multiple civil rights violations, police brutality, police intimidation tactics, elder abuse, fraudulent billing practices, embezzlement, campaign finance violations, voter intimidation, and extortion.  Please note that the destruction of evidence, subornation of perjury, campaign finance violations, and abuse of power occurs by the City Mayor, City Attorney, and City Police Chief.  These abuses of powers are then ordered to be carried out by the hands of City Employees, leaving current citizens with no form of independent oversight to file these types of grievances.

Therefore, I am calling on The United States Department of Justice to work in tandem with The California Department of Justice on developing a task force to investigate the criminal and civil allegations contained within this letter.  In addition, I'm calling on the task force to oversee a special election for the removal of the elected officials found in violation of any ordinances and/or laws.  I'm calling on the task force to see the removal of the current Chief of Police, other current city employees found in violation of any ordinances and/or laws, and complete overhaul of the police force.

cc:
National Association of the Advancement of Colored People
American Civil Liberties Union
National Lawyers Guild
US DOJ Civil Rights Division
CA Governor Gavin Newsom
CA DOJ Civil Rights Enforcement Division
Claremont City Council
City of Claremont

Kenneth Gray
1091 Northwestern Dr.
Claremont, CA 91711

The City of Claremont has allowed for the operation of the current building that the police station is
located within, with a complete disregard for public safety.  The current police building has several code
violations, has failed to be earthquake retrofitted, and fails to meet several other health and safety
violations; including the presence of mold.  The City has acknowledged the condition of the building in
question through multiple failed measures to raise funds through bonds and property taxes.  The City
has intentionally neglected its most vulnerable population by failing to provide necessary funding to
provide these repairs to the building.  The City of Claremont in turn continues to intimidate and extort
money from its citizens by violating civil liberties as contained in the letter provided.

 Furthermore, your taskforce will identify how female officers have had their civil liberties violated and
are treated differently by The City of Claremont in multiple fashions; with the most discussed being the
lack of a dressing room within the building.  The Supreme Court has already ruled that separate is not
equal, yet The City of Claremont has shown complete disregard for the Civil Liberties of these officers.
Your taskforce will identify the intentional failure to hire and retain officers of Black decent.

In closing, as lives of people of color are being oppressed or taken by systems and institutions across this
country, you will see that your involvement is imperative.  Please provide immediate relief and
protections to our citizens by meeting these requests and showing an immediate acknowledgement to
this letter.  Your immediate presence is needed because City of Claremont and the Chief of Police will
retaliate against me for sending this letter.  The lives of my family, our freedom, and our civil liberties
are in danger and only your involvement can protect us.

Respectfully,

Kenneth Gray

cc:
National Association of the Advancement of Colored People
American Civil Liberties Union
National Lawyers Guild
US DOJ Civil Rights Division
CA Governor Gavin Newsom
CA DOJ Civil Rights Enforcement Division
Claremont City Council
City of Claremont



CLAREMONT
140 HARVARD AVE
CLAREMONT, CA 91711-9998
(800)275-8777

10/26/2020                           01:41 PM

Product            Qty    Unit       Price
                          Price

First-Class Mail®    1               $0.70
Letter
    Claremont, CA  91711
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
    Thu 10/29/2020                   $3.55
    Certified Mail®
        Tracking #:
        70201290000212582562         $2.85
    Return Receipt
        Tracking #:
        9590 9402 6016 0069 5973 51  ($0.55)
    Affixed Postage
        Affixed Amount: $0.55         $6.55
Total

First-Class Mail®    1               $0.70
Letter
    Claremont, CA  91711
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
    Thu 10/29/2020                   $3.55
    Certified Mail®
        Tracking #:
        70201290000212582579         $2.85
    Return Receipt
        Tracking #:
        9590 9402 6016 0069 5973 44  ($0.55)
    Affixed Postage
        Affixed Amount: $0.55         $6.55
Total

Bugs Bunny           2    $11.00     $22.00

Grand Total:                         $35.10



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To  City Hall
Street and Apt. No., or PO Box No.
207 HARVARD Ave
City, State, ZIP+4®
Claremont, CA 9174

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To  Claremot City Corel
Street and Apt. No., or PO Box No.
PO Box 880
City, State, ZIP+4®
Claremont, CA 91711-0880

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions